IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00545-WYD-MEH

TONY E. POWELL,

     Plaintiff,

v.

J. WILNER, (S.I.A.);
MR. RIOS, (Warden);
MR. KRIST, (Lieutenant);
MR. ROMERO, (Property Officer); and
MR. DUNLAP, (DHO Hearing Officer),

     Defendants.

---

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

THIS MATTER is before the Court in connection with a review of the

Recommendation of United States Magistrate Judge filed on March 4, 2009 [doc. #157].

Magistrate Judge Kristen L. Mix recommended therein that Defendants' Motion to

Dismiss [doc. #127, filed July 24, 2008] be granted in part and denied in part.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. §636(b)(1); Fed.

R. Civ. P. 72(b); D.C.COLO.LCivR. 72.1.

Magistrate Judge Mix first recommended that the Motion be denied to the extent

that it requests dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of

jurisdiction.  She found that Defendants were not entitled to sovereign immunity

because Plaintiff had not alleged any claims against them in their official capacities.

Recommendation at 6-7.  She then found, "Because it is not clear from the face of the

operative complaint that Plaintiff has failed to exhaust his administrative remedies, the Court may not dismiss his complaint on these grounds." *Id.* at 7-8 (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

Magistrate Judge Mix then addressed whether Plaintiff's claims survived dismissal pursuant to Federal Rule of Procedure 12(b)(6). She found that Defendant Wilner's alleged pushing of Plaintiff in the middle of the chest and right shoulder did not constitute an Eighth Amendment violation. Recommendation at 9-12. She noted that Plaintiff's lack of injury or pain tended to show that first, the objective component had not been satisfied because the use of force was *de minimis*, and second, that the subjective component had not been satisfied because Defendant Wilner's conduct was not unnecessarily wanton and he did not have a culpable state of mind. *Id.* at 10-12.

Magistrate Judge Mix found that Plaintiff's retaliation claim survived dismissal, because Plaintiff had established the three requisite elements for showing that Defendant Wilson's alleged false incident report extending Plaintiff's time in segregation was retaliation for Plaintiff's exercise of his First Amendment right not to speak and Fifth Amendment right against self-incrimination. *Id.* at 12-13 (citing *Baldauf v. Hyatt*, No. 01-cv-01315, 2008 WL 280839, at *7 (D. Colo. Jan. 31, 2008)). First, Plaintiff's alleged refusal to confess constituted protected conduct. Recommendation at 13. Second, the alleged false incident report that prolonged Plaintiff's time in segregation constituted an adverse action. *Id.* at 14. Third, Plaintiff demonstrated a causal connection between his conduct and the adverse action. *Id.* Magistrate Judge Mix further found that Defendant Wilner was not entitled to qualified immunity because retaliation against a

prisoner who exercises his First and Fifth Amendment rights is a clearly established constitutional violation. *Id.* at 15-16. Accordingly, Magistrate Judge Mix recommended that the Motion be denied with regard to the retaliation claim.

Magistrate Judge Mix recommended that Plaintiff's First Amendment claim of denial of access to the courts be dismissed because Plaintiff failed to allege that his law suit was nonfrivolous and because he failed to demonstrate actual injury due to his indication that he was represented by counsel. *Id.* at 16-18. She then recommended that Plaintiff's procedural due process claim arising from his alleged sanction and placement in segregation without a fair hearing be dismissed, because Plaintiff failed to allege the deprivation of a liberty interest to which he was entitled. *Id.* at 18-21. Her analysis of relevant factors indicated that neither the segregation in itself nor his loss of employment constituted atypical and significant hardship, which is the standard for prisoners. *Id.* at 19-21 (citing *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995); *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007)). Finally, Magistrate Judge Mix recommended that Plaintiff's Eighth Amendment Claim arising from alleged denial of hygiene materials during a lock down be dismissed, noting the limited role of courts in interfering with the running of prisons and citing decisions rejecting constitutional challenges involving arguably more extreme circumstances. Recommendation at 21-24.

Magistrate Judge Mix advised the parties that specific written objections were due within ten days after being served with a copy of the Recommendation. Plaintiff filed objections on March 27, 2009 [doc. #159]. Although Plaintiff did not meet

Magistrate Judge Mix's deadline, I find that I should consider his objections, which were only a few days late, in the interests of justice. The objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made, because the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). With regard to the other findings and recommendations, I am vested with discretion to review them "under any standard [I] deem [] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review those findings and recommendations to "satisfy [my]self that there is no clear error on the face of the record." See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Plaintiff makes three objections. First, Plaintiff asks Magistrate Judge Mix to allow him to file a motion for discovery so that Plaintiff can show that he exhausted his administrative remedies. Objection at 2. Notwithstanding the question of whether the timing of this request is appropriate, the request is of no consequence because Magistrate Judge Mix's recommendation was in Plaintiff's favor on this point. I agree with her recommendation that dismissal on the grounds of failure to exhaust remedies is unwarranted, and accordingly there is no need to address Plaintiff's objection because it has no impact on the outcome of my ruling.

Second, Plaintiff objects to Magistrate Judge Mix's recommendation that his First Amendment claim of denial of access to the courts be dismissed. In this objection he admits that "the District Court deemed the appeal frivolous" but argues, "The adoption and[/]or use of the Western District decision to formulate or [] base a decision under the circumstances surrounding the facts of Plaintiff's appeal from the district court is an abuse of discretionary power, because under those circumstances Plaintiff would have prevailed." Objection at 2. Plaintiff's objection further restates the facts that led to his need to file a writ of certiorari with the Supreme Court. *Id.*

A claim of denial of access to the courts requires a showing that a plaintiff was actually impeded in his ability to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Plaintiff's claim fails because he has not shown that his claim was nonfrivolous and because he has not shown actual impediment due to his assertion in the Complaint that he was represented by an "appeals attorney." *See* Amended Complaint [doc. #103] at 7. Plaintiff has made no argument to refute the latter finding, which was included in Magistrate Judge Mix's Recommendation. *See* Recommendation at 18. With regard to the frivolousness of his claims, Plaintiff only argues that Magistrate Judge Mix should not have relied on the decision of the "Western District." In fact, she relied on an explicit finding by the Fifth Circuit Court of Appeals that his claims were frivolous. *See* Recommendation at 17 (citing *United States v. Powell*, No. 04-50931 (5th Cir. Aug. 1, 2005), at *16-17). Contrary to Plaintiff's argument, which is not supported by authority, it was well within Magistrate Judge Mix's discretionary power to take judicial notice of this finding, and I exercise the same discretion. *See United*

*States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."). In addition, I have reviewed the cases Plaintiffs cites in his objection and find them to have nothing to do with the issue at hand. *See Dodd v. United States*, 545 U.S. 353 (2005); *Clay v. United States*, 536 U.S. 981 (2002). Accordingly, I agree with Magistrate Judge Mix that Plaintiff has not met his burden of stating a claim for denial of access to the courts.

Third, Plaintiff objects to the portion of Magistrate Judge Mix's recommendation of dismissal of his due process claim that addresses his right to employment. As I can best ascertain, the central aspect of Plaintiff's argument is that "sanctions will be enforced if that prisoner does not have a prison job . . . ." Objection at 3 (citing 28 C.F.R. § 345.51). However, the regulation cited by Plaintiff only discusses pay for employed inmates, and Plaintiff provides no authority for these alleged sanctions.

The first of two required showings for a procedural due process claim is a protected liberty or property interest. *Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). For prisoners, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). Plaintiff does not object to the portion of Magistrate Judge Mix's Recommendation finding that his segregation in itself

did not constitute a deprivation of liberty.  Further, as Plaintiff admits in his objection, prisoners have no constitutional right to employment.  *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  "Depriving [Plaintiff] of his job by putting him in administrative segregation therefore did not deprive him of liberty or property."  *Id.*  Plaintiff has failed to identify any authority showing otherwise.  Accordingly, I agree with Magistrate Judge Mix that Plaintiff's due process claim should be dismissed.

With regard to the remainder of the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Mix that only Plaintiff's retaliation claim survives dismissal, in light of the reasoning that she employed.  Accordingly, it is hereby

ORDERED that the Recommendation of the United States Magistrate Judge dated March 4, 2009 [doc. #157] is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss [doc. #127, filed July 24, 2008] is **GRANTED in part and DENIED in part**.  It is denied as to requested dismissal under Federal Rule of Civil Procedure 12(b)(1) and as to Plaintiff's second claim for relief for retaliation.  It is granted as to requested dismissal of Plaintiff's first, third, fourth, and fifth claims for relief under Rule 12(b)(6).  Accordingly, it is

ORDERED that Plaintiff's first, third, fourth, and fifth claims for relief are

**DISMISSED**.

Dated:  March 30, 2009.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge