IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00545-WYD-KLM

TONY E. POWELL,

    Plaintiff(s),

v.

J. WILNER (S.I.A.),

    Defendant.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court on Plaintiff's **Consolidated Alternative Petition for Summary Judgment, on [sic] the Alternative Petition for Appointment of Counsel** [Docket No. 167; August 3, 2009].  The Motion is a joint request for appointment of counsel and summary judgment.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED in part and STRICKEN in part** for the reasons set forth below.

    To the extent that Plaintiff moves for the appointment of counsel, the Motion is **denied**.  The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for

which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated a limited ability to frame facts and state claims for relief. His filings to date indicate that Plaintiff has an adequate grasp of the facts and issues in this case. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Further, I note that the record does not indicate that Plaintiff has made any attempts to secure counsel for himself.

The fact that Plaintiff lacks legal training or is indigent does not warrant the need for volunteer counsel. The fact of Plaintiff's lack of legal acumen or indigence is a normal, not

2

a special, circumstance in this type of case, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel. Further, the fact that Defendant has counsel and Plaintiff feels this attorney "too swift in his litigation and far [too] experienced to contend with," does not prompt a different result. *See Motion* [#167] at 2. Although mindful of the difficulties faced by *pro se* parties, and regardless of whether the opposing party has counsel, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training and financial status. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

To the extent that Plaintiff seeks summary judgment, the Motion is **stricken**. The Motion fails to comply with Chief District Judge Wiley Y. Daniel's practice standards which govern the pleadings filed by the parties in this case. Specifically, among other things, WYD Civ. Practice Standard III.B.3 requires that any motion for summary judgment include a "Movant's Statement of Material Facts." Plaintiff's Motion does not contain this section

and is deficient on its face.  Further, it is inappropriate to include a motion for summary judgment within another motion.

       IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of Chief Judge Daniel's practice standards to Plaintiff, a copy of which are attached to this Order.

Dated:  August 13, 2009

                                    BY THE COURT:

                                    s/ Kristen L. Mix
                                    Kristen L. Mix
                                    United States Magistrate Judge