IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00545-WYD-KLM

TONY E. POWELL,

    Plaintiff(s),

v.

J. WILNER (S.I.A.),

    Defendant.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's untitled Motion [Docket No. 170; Filed September 1, 2009].  The Court interprets the Motion to seek reconsideration of my prior Order denying Plaintiff's request for appointment of counsel and striking Plaintiff's noncompliant motion for summary Judgment [Docket No. 169].

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well established in the Tenth Circuit that grounds for a motion to reconsider include:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that

could have been raised in prior briefing." *Id.*

Here, Plaintiff contends that I should reconsider my prior Order denying Plaintiff the appointment of counsel [Docket No. 169] because he has now provided evidence of his unsuccessful efforts to secure counsel on his own. Although I found it was unclear that Plaintiff had made efforts to secure counsel, this finding was not dispositive of the issue of whether Plaintiff had provided special circumstances to warrant the appointment of counsel. *See Order* [#169] at 2-3. Plaintiff's failed attempts to secure counsel do not provide a legal basis for reconsideration. Further, as noted in my prior Order, Plaintiff's perception that defense counsel possesses legal skills superior to those of Plaintiff is not sufficient grounds to appoint counsel. The Court reminds Plaintiff that while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Plaintiff also contends that I should give him "permission to resubmit a petition for summary judgment." *Motion* [#170] at 1. The Court expresses no opinion as to Plaintiff's request to resubmit a motion for summary judgment, except to note that (1) either party may submit a motion for summary judgment but must do so within the dispositive motions deadline of September 30, 2009; and (2) any future motions for summary judgment must comply with Chief Judge Wiley Y. Daniel's practice standards, a copy of which was attached to Docket No. 169, and Fed. R. Civ. P. 56.

Dated: September 2, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge